IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA LOHMANN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-834-A |
| | § | (NO. 4:08-CR-147-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on to be considered the motion of Joshua Lohmann("Lohmann") titled "Motion for Plain Error Review Pursuant to SCOTUS Molina-Martinez vs. United States Review Requested Pursuant F.R.C.P. 60(d)." Having considered the motion, the court concludes that movant's motion must be charaterized as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. This is a second or successive motion under 28 U.S.C. § 2255. See Civil Action No. 4:11-CV-153-A. Movant not having obtained leave to file the motion, the court lacks jurisdiction to consider it. 28 U.S.C. § 2255(h).

I.

Background

On November 14, 2008, movant pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). On February 27,

2009, the court sentenced movant to a term of imprisonment of 210 months, to be followed by a four-year term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Lohmann, 364 F. App'x 167 (5th Cir. 2010). Movant did not seek certiorari review.

On March 8, 2011, Lohmann filed a motion pursuant to 28 U.S.C. § 2255, which the court denied. See Civil Action No. 4:11-CV-153-A. Thus, the court must now consider whether the instant motion is second or successive as contemplated by 28 U.S.C. §§ 2255(h) and 2244(b) or whether, as movant argues, the instant motion is properly brought as a motion pursuant Rule 60 of the Federal Rules of Civil Procedure. For the reasons stated below, the court finds that movant's claims for relief constitute claims for relief under § 2255.

II.

Movant's Motion

Movant urges two grounds for relief. First, movant argues that his original petition should be reopened to address "what is factually a defect in the integrity of [movant's first] federal habeas proceeding" under Rule 60 of the Federal Rules of Civil Procedure. Second, movant seeks "PLAIN ERROR REVIEW" of his sentence under Molina-Martinez v. United States, 136 S. Ct. 1338

2

(2016). As explained below, neither claim is cognizable in the district court.

III.

Analysis

A. Relevant Legal Principles

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), any successive habeas claim "that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). Furthermore, a district court lacks jurisdiction to consider a claim that fits into such exceptions unless the movant has first received a certificate of appealability. 28 U.S.C. § 2255(h).

As relevant to the instant motion, "[t]he relief that is available under Rule 60(b) in habeas proceedings must be granted consistently with [AEDPA]." Balentine v. Thaler, 626 F.3d 842, 848 (5th Cir. 2010). Thus, properly used, "a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Crosby, 545 U.S. at 532-33. On the other hand, "[a] motion is substantive—and thus a successive habeas petition—if it 'seeks to add a new ground for relief,' or

3

if it 'attacks the federal court's previous resolution of a claim on the merits.'" In re Coleman, 768 F.3d 367, 371 (5th Cir.), cert. denied sub nom. Coleman v. Stephens, 135 S. Ct. 41 (2014). Moreover, "[p]rocedural defects are narrowly construed . . . [and] generally do not include 'an attack based on the movant's own conduct, or his habeas counsel's omissions,' which 'do not go to the integrity of the proceedings, but in effect ask for a second chance to have the merits determined favorably.'" Id. (quoting Gonzalez, 545 U.S. at 532).

### B. Application to Movant's Claims

1. Movant's Claim for Relief under Rule 60(d)

Movant's first ground-that relief from judgment should be given under Rule 60-must be characterized as a successive motion for relief pursuant § 2255. Despite movant's conclusory assertion that his intial habeas proceeding was tainted by fraud on the court, a review of movant's supporting arguments makes abundantly clear movant's desire to have the court reconsider its denial of his initial petition on the merits. Movant makes no new allegations of fraud or deception, instead reiterating his argument that he was improperly adjudged to lack credibility at his sentencing hearing as a result of fraud being perpetrated on the court <u>at the sentencing hearing</u>. As noted above, such use of Rule 60 has been emphatically rejected in this circuit. See,

4

e.g., <u>In re Coleman</u>, 768 F.3d at 371-72. Moreover, movant's use of additional affadavits clearly triggers the established rule that "60(b) motions raising additional facts for consideration constitute claims, and therefore should be evaluated as second-or-successive habeas petitions." <u>In re Jasper</u>, 559 F. App'x 366, 371 (5th Cir. 2014), <u>cert. denied sub nom. Jasper v. Stephens</u>, 134 S. Ct. 1536 (2014). Finally, even if this Court would construe Rule 60 as broadly as movant urges, no relief would be available for movant for the same reasons that no relief was available at the time that he brought his first motion pursuant § 2255: the time to challenge the sentence was direct appeal and counsel was not ineffective for choosing not to do so after having vigorously advocating at movant's sentencing for the very position now advocated by movant in the present motion. <u>See</u> Doc. 18, Civil Action No. 4:11-CV-153-A (denying movant's original petition on nearly identical grounds).

    2. Movant's Claim under Molina-Martinez

Movant's second claim presents an even clearer case for dismissal insofar as movant seeks to invoke a new rule of federal <u>sentencing</u> law and seeks to do so via a successive petition in the district court without first receiving leave from the United

States Court of Appeals for the Fifth Circuit to do so.[1] This court clearly lacks jurisdiction to consider such a claim.

In April 2016, the Supreme Court decided Molina-Martinez v. United States, "reconciling the difference in approaches" that had formed across the circuits in applying the harmless error doctrine to plainly erroneous guidelines calculations. 136 S. Ct. 1338, 1342 (2016).[2] Movant now appears to be urging a view of Molina-Martinez as having created the plain error doctrine, or at least having imported the doctrine into the sentencing phase. Both contentions are refuted by a substantial body of caselaw in which the doctrine is applied to a range of trial errors, including those arising at sentencing. See, e.g., United States v. Olano, 507 U.S. 725, 731 (1993) (expounding on "the standard for 'plain error' review by the courts of appeals under Rule 52(b)"); United States v. Mudekunye, 646 F.3d 281, 291 (5th Cir. 2011) (finding that the defendant had "demonstrated that the

---

[1] To the extent that movant seeks characterization of this ground as falling within Rule 60, the court notes that such a course has clearly been foreclosed by both the Supreme Court of the Court of Appeals for the Fifth Circuit. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) ("In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . will of course qualify."); Leal Garcia v. Quarterman, 573 F.3d 214, 221 (5th Cir. 2009).

[2] Specifically, the court held that a reviewing court may not apply an "additional evidence" test, a test that placed an evidentiary burden on the appellant to show additional prejudice beyond the application of the incorrect guidelines range on direct appeal, clarifying that the error in calculation, standing alone, may be sufficient evidence of prejudice. Molina-Martinez v. United States, 136 S. Ct. 1338, 1347-49 (2016).

6

court's [plain sentencing] error affected his substantial rights").

Even assuming that the case did establish for the first time the ability of an appellant to challenge a plain error in the application of the sentencing guidelines, the ruling would almost certainly fail to meet the requirement of 28 U.S.C. §§ 2244, 2255 that such a ruling broke new Constitutional ground. Moreover, even if it were found to be within § 2255(h), the holding would still be unhelpful to the movant, who does not allege that he was sentenced based on a plain-error miscalculation of the guidelines. Accordingly, Moline-Martinez provides movant no jurisdictional footing from which to launch a successive collateral attack on his sentence, particularly without first receiving a Certificate of Appealability from the Court of Appeals for the Fifth Circuit.

Therefore,

The court ORDERS that the motion of Joshua Lohmann to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be, and is hereby, dismissed.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Lohmann has not made a substantial showing of the denial of a constitutional right.

SIGNED September 16, 2016.

_____
JOHN McBRYDE
United States District Judge